IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ELBERT S. WALKER, JR., | : | |
| Plaintiff | : | |
| VS. | : | CIVIL ACTION NO.: 5:09-CV-405(HL) |
| Officer GRABLE, | : | |
| | : | **ORDER** |
| Defendant | : | |

Plaintiff **ELBERT S. WALKER, JR.**, a prisoner at Hancock State Prison in Sparta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

## I.  *REQUEST TO PROCEED IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  In an Order dated November 23, 2009, the Court granted plaintiff's motion to proceed *in forma pauperis*, but ordered that he pay an initial partial filing fee in the amount of $10.72.  Plaintiff has responded to this Order and explains that he currently does not have $10.72 in his account.  As it appears plaintiff is unable to pay the initial partial filing fee, the Court **VACATES** the November 23, 2009 Order and will allow the action to go forward without payment of the initial partial filing fee.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee.  Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.  The agency having custody of plaintiff

shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid.  28 U.S.C.§1915(b)(2). The clerk of court is **DIRECTED** to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## *II.  STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  A claim is frivolous "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements.  First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States.  *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  *Id*.

### *III. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS*

Plaintiff claims that on March 6, 2009 he was placed in administrative segregation because defendant Grable wrongly accused him of exposure. Plaintiff states that this "was a lie" and that he was released from segregation on March 17. Plaintiff explains that defendant Grable "did not write a disciplinary report because she knew that she acted with malice and capriciousness." Plaintiff complains that the administrative segregation happened "unconstitutionally and without due process" and that standard operating procedure was violated as well.

This action must be dismissed as frivolous. First, even if standard operating procedures were not followed, this does not amount to a violation of plaintiff's constitutional rights. ***Sandin v. Conner***, 515 U.S. 472 (1995); ***Harris v. Birmingham Bd. of Educ***., 817 F.2d 1525 (11th Cir. 1987). Similarly, the filing of false disciplinary charges against an inmate does not alone amount to a constitutional violation. ***See Owens v. Leavins***, 2006 U.S. Dist LEXIS 65176 at *6 (N. D. Fla. Sept. 13, 2006).

Finally, the placement in segregation for eleven days does not involve loss of a due process liberty interest. In ***Sandin v. Conner***, 515 U.S. 472, 484 (1995), the Supreme Court found that a prisoner can be deprived of his liberty so as to be entitled to due process under the Constitution in two circumstances: (1) when the condition is so severe that it essentially exceeds the sentence imposed by the court; and (2) when the state has conferred a certain benefit on prisoners by statute or administrative policy and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." ***Id.***; ***Bass v. Perrin***, 170 F.3d 1312, 1318 (11th Cir. 1999). The inmate in

*Sandin* received a thirty (30) day sentence in administrative segregation, which the court adjudged was not an atypical and significant hardship in the prison setting.  Therefore, the inmate was not entitled to due process under the Constitution.

Here, plaintiff states that he served eleven days in segregation due to the false disciplinary report.  This does not amount to an atypical and significant hardship imposed on him in relation to the "ordinary incidents of prison life."  Thus, in subjecting plaintiff to this penalty, prison officials did not deprive him of a constitutional liberty interest that had the effect of entitling him to due process procedures at a disciplinary hearing.

Based on these finding, plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.[1]

**SO ORDERED and DIRECTED** , this 14th day of December, 2009.

*s/  Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

lnb

---

[1] Because this action is being dismissed, plaintiff's motion for appointment of counsel is DENIED AS MOOT.